UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SOPHIA DAIRE, | ) Case No. CV 10-3743-DMG (AJW) |
| Petitioner, | ) |
| v. | ) **ORDER ACCEPTING IN PART AND REJECTING AND MODIFYING IN PART REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE** |
| MARY LATTIMORE, WARDEN, | ) |
| Respondent. | ) |

Having reviewed the entire record in this action, the Report and Recommendation of Magistrate Judge ("Report") [Doc. # 34], and petitioner's objections [Doc. # 36], the Court has made a *de novo* determination of the portions of the Report to which objections were directed. Based thereon, the Court concurs with and accepts the findings of fact, conclusions of law, and recommendations contained in the Report, except as explained hereinafter.

This Court agrees with the Magistrate Judge that trial counsel's failure to investigate and present any mental health evidence to support petitioner's *Romero*[1]

---

[1] *People v. Superior Court (Romero)*, 13 Cal. 4th 497, 53 Cal. Rptr. 2d 789 (1996), holds that a trial court has the power to dismiss prior felony allegations in a case subject to California's "Three Strikes" law, Cal. Penal Code §§ 667(b)-(i), 1170.12(a)-(d).

motion amounted to deficient performance. For the reasons set forth below, however, this Court respectfully disagrees with the Magistrate Judge's determination that he "cannot say that the state court's conclusion is an unreasonable application of *Strickland*'s[2] prejudice standard."[3]

## I. PREJUDICE EXISTS UNDER THE *STRICKLAND* STANDARD

In denying Sophia Daire's petition for writ of *habeas corpus*, the California Superior Court concluded that trial counsel's performance did not fall below "prevailing norms," and that petitioner's *Romero* motion would have been denied even if trial counsel had presented evidence of her mental illness. (1st Am. Pet., Ex. A at 8, 9.) [Doc. # 18-1.] Therefore, in the Superior Court's view, the omission of this evidence had no impact on the sentence petitioner received. Although the Magistrate Judge found that trial counsel's legal representation in connection with the *Romero* motion was indeed deficient, he nonetheless concluded that, even if the *Strickland* standard applied at the sentencing phase, there was no prejudice here. (Report at 16-17.)

In *Knowles v. Mirzayance*, 556 U.S. 111, 129 S.Ct. 1411, 173 L.Ed.2d 251 (2009), the Supreme Court explained that the *Strickland* standard is highly deferential to the state court's conclusion: the question "'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable—a substantially higher threshold.'" *Id*. at 123 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007)). Notwithstanding the high level of deference to be accorded the state court's decision, this Court finds that the Superior Court's

---

[2] *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[3] This Court accepts and adopts the Report, except for the following: page 16, line 10 through page 17, line 6.

conclusion is an unreasonable application of *Strickland*'s prejudice standard and disagrees with the Magistrate Judge to the extent he found to the contrary.

Important to the prejudice assessment, and not even mentioned in the Superior Court's denial of *habeas* relief, is the fact that when declaring a mistrial after the first trial ended with a deadlocked jury, the trial court stated, "[t]he court could attempt to undercut the People's offer, certainly on *Romero*, and **I think there's a strong basis for that**." [RT D-27 (emphasis added).] This statement suggests that the trial court, which had just heard the evidence presented during the first trial, was inclined to find a basis for granting a *Romero* motion. The *Romero* motion ultimately presented to the trial court, however, failed to include *any* evidence regarding petitioner's severe mental illness, the effect of that mental condition on her culpability, and the medical opinion that her illness was treatable. The failure of counsel to present evidence of a defendant's mental illness as a mitigating circumstance at sentencing is "a deficiency that has repeatedly been found prejudicial" under *Strickland*. *James v. Ryan*, __ F.3d __, 2012 WL 639292, at *33, 2012 U.S. App. LEXIS 4100, at *93-94 (9th Cir. Feb. 29, 2012) (citing cases). As a result of this significant omission of highly relevant evidence, the trial court stated its understanding that "it is her **drug problem** that is spurring her on to re-offend." [RT 236-237 (emphasis added).] Thus, the trial court denied the *Romero* motion at sentencing.

This Court finds that the mental illness evidence omitted by counsel in the *Romero* motion, as set forth more fully in the Magistrate Judge's Report at pages 11-12, directly relates to the degree of petitioner's culpability, potentially explains her drug use and recidivism, and would have provided the "strong basis" for the *Romero* motion that the trial court initially anticipated.

The Superior Court's order denying the *habeas* petition introduced the prejudice discussion with its conclusion that "[e]ven if the trial court would have heard more ***argument*** concerning Daire's drug use, psychological issues, and

childhood, Daire's sentence would not have been any different." (First Amended Petition for Writ of Habeas Corpus, Exhibit A at 9 (emphasis added).) [Doc. # 18-1.] The Superior Court did not properly address the prejudice that ensued due to the failure to present ***any evidence*** of serious mental illness. Instead, the court appeared to assume, erroneously, that the attorney's deficient representation involved only the omission of more legal "argument." It did not so much as acknowledge the trial counsel's complete failure to marshal the existing facts which most dramatically underscore the breadth and scope of petitioner's mental condition. The Superior Court purported to support its conclusion by citing the appellate court's observation that petitioner was precisely the type of criminal for whom the Three Strikes law was devised. (*Id*. at 10.) This, of course, begs the question and is irrelevant to an analysis of the prejudice issue. The Superior Court then went on to discuss the issues raised on appeal and concluded that petitioner's "attempt to attribute her long record of recidivism to a long standing and serious substance abuse and/or psychological disorder is unavailing. As the Court of Appeal noted, Daire's prospects upon release from prison are dim, especially when Daire reoffended shortly after being released from prison." (*Id*. at 11.) This is the only passage that can even arguably be construed as an attempt to address the prejudice prong. Yet, the Superior Court assumed that the absence of prejudice was a foregone conclusion and supported that conclusion with the facts as they appeared to the sentencing and appellate courts. It, therefore, failed to even consider whether the presentation of mental health evidence could have made a difference to the sentencing court.

     Not only is there a reasonable probability that there would have been a more favorable outcome if trial counsel had presented evidence of the petitioner's severe mental illness to the sentencing court, the Superior Court's finding of a lack of prejudice was an unreasonable application of *Strickland*'s prejudice standard.

1  II.  **THIS COURT CANNOT APPLY *STRICKLAND* TO A NONCAPITAL**
2      **SENTENCING CASE**
3      Having determined that petitioner's claim of ineffective assistance of
4  counsel during the sentencing phase meets the *Strickland* standard, this Court
5  nevertheless is constrained from granting a writ because of the Ninth's Circuit's
6  decision in *Davis v. Grigas*, 443 F.3d 1155, 1158 (9th Cir. 2006) (citing *Cooper-*
7  *Smith v. Palmateer*, 397 F.3d 1236, 1244 (9th Cir. 2005)).  In *Davis*, the Court held
8  that "since *Strickland*, the Supreme Court has not delineated a standard which
9  should apply to ineffective assistance of counsel claims in noncapital sentencing
10 cases.  Therefore, . . . there is no clearly established federal law as determined by
11 the Supreme Court in this context."  443 F.3d at 1158 (internal citation omitted).
12 This Court respectfully disagrees with *Davis* and *Cooper-Smith*.  In *Glover v.*
13 *United States*, 531 U.S. 605 (2001), which predates both *Davis* and *Cooper-Smith*,
14 the Supreme Court applied the *Strickland* standard to a noncapital sentencing
15 proceeding.  Judge Graber's concurrence in *Davis* recognizes that after *Glover*,
16 there is clearly established federal law as determined by the Supreme Court that
17 *Strickland* applies to noncapital sentencing proceedings.  443 F.3d at 1159-60;
18 *accord Davis v. Belleque*, No. 10-36035, 2012 WL 76897, at *1, 2012 U.S. App.
19 LEXIS 760, at *2-3 (9th Cir. Jan. 11, 2012) (unpublished disposition) (Paez, J.,
20 concurring).  This view is confirmed in the Supreme Court's recent decision in
21 *Lafler v. Cooper*, __ U.S. __, __ S.Ct.__, 2012 WL 932019 (Mar. 26, 2012), in
22 which the Supreme Court stated as follows:
23      The precedents also establish that there exists a right to
24      counsel during sentencing in both noncapital, see *Glover*
25      *v. United States*, 531 U.S. 198, 203-204, 121 S.Ct. 696,
26      148 L.Ed.2d 604 (2001); *Mempa v. Rhay*, 389 U.S. 128,
27      88 S.Ct. 254, 19 L.Ed.2d 336 (1967), and capital cases,
28      see *Wiggins v. Smith*, 539 U.S. 510, 538, 123 S.Ct. 2527,

    156 L.Ed.2d 471 (2003). Even though sentencing does
not concern the defendant's guilt or innocence,
ineffective assistance of counsel during a sentencing
hearing can result in *Strickland* prejudice because "any
amount of [additional] jail time has Sixth Amendment
significance." *Glover, supra*, at 203, 121 S.Ct. 696.

2012 WL 932019, at *6.[4]

 Irrespective of the proper interpretation of the Supreme Court precedents pertaining to ineffective assistance of counsel, this Court is bound by *Davis* and *Cooper-Smith* until they are reversed *en banc* or by the Supreme Court. *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001). Accordingly, this Court reluctantly concurs with the Magistrate Judge's ultimate recommendation that judgment be entered denying the petition.

 IT IS SO ORDERED.

DATED: April 9, 2012

                 _____
                  DOLLY M. GEE
                  United States District Judge

---

[4] Since *Cooper-Smith*, the Ninth Circuit has also applied the *Strickland* standard to noncapital sentencing *habeas* petitions, albeit finding no prejudice under that standard without directly addressing *Strickland*'s applicability. *See Gonzalez v. Knowles*, 515 F.3d 1006 (9th Cir. 2008) (finding no prejudice under *Strickland* because there was no evidence showing that *habeas* petitioner was mentally ill).